## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| LINDA S. VANDENBURGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 6191 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| BANNOCKBURN POLICE OFFICER | ) | |
| ROBERT OGDEN; HIGHLAND PARK | ) | |
| POLICE OFFICER GERALD CAMERON; | ) | |
| HIGHLAND PARK POLICE OFFICER | ) | |
| PHILIP DELAURENTIS; HIGHLAND PARK | ) | |
| POLICE OFFICER AMY HYNDMAN; | ) | |
| DEERFIELD POLICE OFFICER JOHN DOE | ) | |
| #1; HIGHLAND PARK POLICE OFFICER | ) | |
| JOHN DOE #2; RAVINIA FESTIVAL | ) | |
| ASSOCIATION, an Illinois not-for-profit | ) | |
| organization; THE CITY OF HIGHLAND | ) | |
| PARK, a Municipal Corporation; THE | ) | |
| VILLAGE OF BANNOCKBURN, a Municipal | ) | |
| Corporation; and THE VILLAGE OF | ) | |
| DEERFIELD, a Municipal Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

After an incident at the Ravinia Music Festival ("Ravinia") resulted in Plaintiff Linda

VanDenburgh being charged with interference with a police officer and criminal trespass to

property, VanDenburgh filed this suit against Defendants: Bannockburn Police Officer Robert

Ogden; Highland Park Police Officers Gerald Cameron, Philip DeLaurentis, Amy Hyndman, and

John Doe #2; Deerfield Police Officer John Doe #1 (collectively, the "Defendant Officers");

Ravinia Festival Association; the City of Highland Park ("Highland Park"); the Village of

Bannockburn ("Bannockburn"); and the Village of Deerfield ("Deerfield"). VanDenburgh

alleges false arrest and excessive force claims pursuant to 42 U.S.C. § 1983, in addition to state

law assault and battery and malicious prosecution claims against the Defendant Officers.[1] VanDenburgh also alleges that all Defendants acted negligently. Finally, she asserts an indemnification claim against Bannockburn, Deerfield, and Highland Park for any tort judgment entered against the Defendant Officers. Bannockburn and Ogden, as well as Deerfield (on behalf of itself and its Officer John Doe #1), filed motions to dismiss the claims against them [20, 23], which are granted in part and denied in part. Ravinia Festival Association also filed a motion to strike VanDenburgh's request for attorneys' fees, injunctive relief, and prejudgment interest [28], which is granted.

Specifically, because the statute of limitations has run on VanDenburgh's state law claims and VanDenburgh cannot take advantage of relation back to name John Doe #1 as a Defendant with respect to these claims, the state law claims against John Doe #1 are dismissed. But because VanDenburgh may maintain a *respondeat superior* claim against Deerfield for John Doe #1's alleged negligence, the negligence claim may proceed against Deerfield. Although VanDenburgh engages in group pleading, this does not require dismissal of her claims against Ogden and John Doe #1, as the complaint provides them with sufficient notice of the claims asserted against them. VanDenburgh's false arrest claim is dismissed because her conviction on the interference with a police officer charge provides probable cause for her arrest on both charges. This conviction does not preclude her from pursuing her malicious prosecution claim, although that claim is limited to the criminal trespass charge on which she was found not guilty. Finally, because VanDenburgh does not oppose the motions to strike the punitive damages requests against Deerfield, Bannockburn, Ogden, or John Doe #1 and attorneys' fees, injunctive

---

[1] The excessive force and assault and battery claims are not asserted against Officer John Doe #2.

relief, and prejudgment interest against Ravinia Festival Association, those forms of relief are stricken.

## BACKGROUND[2]

On July 19, 2014, VanDenburgh attended a concert at Ravinia, located in Highland Park, with her husband, Mark. Before the concert started, the VanDenburghs bought food and found a place to sit near the entrance to Ravinia's food pavilion. Mark left to use the restroom, while VanDenburgh remained behind to eat. Four or five men approached VanDenburgh and began to harass her, attempting to solicit sexual favors from her and suggesting she was a prostitute. VanDenburgh yelled to them to stop and get away from her, and eventually the men left. When Mark returned, the VanDenburghs approached a Ravinia security member to provide a description of the incident and inquire about filing a complaint. The security member referred them to Officer DeLaurentis, who dismissed them, indicating he was busy and that VanDenburgh needed to "go away." Compl. ¶ 22. VanDenburgh insisted on making a report, and DeLaurentis provided her with a Ravinia comment card. But VanDenburgh was not satisfied, and she continued to approach other Ravinia security guards but they also refused to help her. The VanDenburghs ultimately made their way to their seats in the pavilion for the concert.

During the intermission, the VanDenburghs left their seats to use the restroom, where VanDenburgh discussed the earlier incident with other women waiting in line. Officer DeLaurentis was standing nearby and approached the VanDenburghs after they finished with the restroom. Officer DeLaurentis placed a hand on Mark's shoulder, telling the VanDenburghs to

---

[2] The facts in the background section are taken from VanDenburgh's complaint and are presumed true for the purpose of resolving Defendants' motions to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

"go back to [their] seats or leave." *Id.* ¶ 32. The VanDenburghs complied, returning to their

seats. But as they were sitting down, Officer DeLaurentis and some combination of Officers

Ogden, Cameron, Hyndman, and John Doe #1, in addition to Ravinia security guards, gathered

around the end of the VanDenburghs' row, staring at the VanDenburghs with their hands on their

gun belts. VanDenburgh began to cry, believing that they wanted to arrest her. The

VanDenburghs then tried to exit the row, at which point one or more of the Defendant Officers

shoved VanDenburgh into a wheelchair, causing bruising to her arms and legs. VanDenburgh

was then wheeled out a side door to the Iris Gate, where buses drop off and pick up concertgoers.

At the Iris Gate, one or more of the Defendant Officers forcibly lifted VanDenbergh out

of the wheelchair and she fell to the ground. VanDenburgh told the Defendant Officers she was

in pain, that she had broken her back in the past, and that they were hurting her shoulder and

back. The Defendant Officers called the paramedics, who asked if VanDenburgh wanted to go

to the hospital. VanDenburgh declined and the paramedics left. One or more of the Defendant

Officers then pulled VanDenburgh up off the ground by her arm, at which point VanDenburgh

felt her shoulder tear. The Defendant Officers then handcuffed VanDenburgh and put her in the

back of a police car, leaving bruises on her arms and legs. Mark pleaded with the Defendant

Officers to stop hurting VanDenburgh. Either Ogden or Cameron, with his hand on his taser,

told Mark, "if you move, I'm going to light you up." *Id.* ¶ 49. Some of the Defendant Officers

then forced Mark into a cab. DeLaurentis, Ogden, Hyndman, and Cameron took VanDenburgh

out of the squad car and put her on the ground, at which point they uncuffed her and allowed the

paramedics to examine her.

The paramedics saw to it that VanDenburgh was transported to the NorthShore Highland

Park Hospital emergency room, where John Doe #2 and another Highland Park officer were

4

waiting. A doctor examined her, recommended she see an orthopedic surgeon, and stated she was not inebriated. The unnamed Highland Park officer took pictures of her arms and legs, remarking that her bruises seemed to be "old injuries." *Id.* ¶ 53. John Doe #2 wrote VanDenburgh up for interfering with a police officer and criminal trespass to property. He threatened that if VanDenburgh did not sign the citations, she would be taken to the Highland Park jail. Ultimately, the VanDenburghs were allowed to leave the hospital and return to their Chicago home. VanDenburgh needed surgery for a five-centimeter rotator cuff tear to her right shoulder. On October 8, 2014, a judge found VanDenburgh guilty of interference with an officer but not guilty of criminal trespass to property.[3]

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[3] VanDenburgh indicates in her complaint that one of the two proceedings was resolved in her favor. The Court takes judicial notice of the specific details of the proceedings, which are publicly available and have also been attached to Bannockburn and Ogden's motion to dismiss. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582–83 (7th Cir. 2009) (court may consider documents attached to motion to dismiss that are reference in complaint and central to plaintiff's claims); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080–81 (7th Cir. 1997) (court may take judicial notice of matters of public record).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I.      State Law Claims against John Doe #1

Deerfield seeks dismissal of VanDenburgh's state law claims against John Doe #1, arguing that those claims are barred by the statute of limitations. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

The Illinois Tort Immunity Act ("ITIA") governs civil tort claims filed against local government employees such as the ones asserted here against John Doe #1. Under the ITIA, claims are subject to a one-year statute of limitations. 745 Ill. Comp. Stat. 10/8-101(a); *Shelton v. Wright*, No. 09 C 6413, 2011 WL 856811, at *3 (N.D. Ill. Mar. 9, 2011). VanDenburgh's negligence and assault and battery claims accrued on the date of the incident, July 19, 2014. *Grzanecki v. Cook County Sheriffs Police Dep't*, No. 10 C 07345, 2011 WL 3610087, at *2 (N.D. Ill. Aug. 16, 2011) (assault and battery); *Fetzer v. Wood*, 569 N.E.2d 1237, 1242, 211 Ill. App. 3d 70, 155 Ill. Dec. 626 (1991) (negligence). For malicious prosecution claims, the one-year period begins "on the date the case was terminated in the plaintiff's favor." *Shelton*, 2011 WL 856811, at *3. The incident occurred on July 19, 2014. VanDenburgh was found guilty on

the charge of interference with a police officer and not guilty as to criminal trespass to property

on October 8, 2014.

VanDenburgh's complaint was filed on July 15, 2015.  Although seemingly timely as to

all claims, the complaint does not name the Deerfield police officer involved in this case,

referring to him only by the pseudonym John Doe #1.  Any amendment to name John Doe #1

would be timely only if that amendment relates back to the original complaint pursuant to

Federal Rule of Civil Procedure 15(c).  Rule 15(c)(1)(C) allows for relation back where "there

has been an error made concerning the identity of the proper party and where that party is

chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d

910, 914 (7th Cir. 2000) (quoting *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir.

1998)).  But a plaintiff's lack of knowledge of the proper defendant does not allow for relation

back under Rule 15(c)(1)(C)'s mistake requirement.  *Id.* (complaint did not relate back where

plaintiff failed to identify the proper party within the limitations period).  And where a plaintiff

lacks knowledge of the proper defendant, "it is irrelevant . . . whether or not the purported

substitute party knew or should have known that the action would have been brought against

him." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).  This appears to be the case even

after the Supreme Court's decision in *Krupski v. Costa Cruciere S.p.A.*, 560 U.S. 538, 130 S. Ct.

2485, 177 L. Ed. 2d 48 (2010), which focused the relation back inquiry on the defendant's

knowledge of whether he or she knew or should have known that the plaintiff, if not for a

mistake, would have sued the defendant.[4]  *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638

F.3d 555, 559–60 (7th Cir. 2011) (addressing inquiry under *Krupski*).  After *Krupski*, courts have

continued not to allow relation back where the plaintiff lacked knowledge of the defendant's

---

[4] VanDenburgh does not argue that *Krupski* affected the relation back inquiry, but the Court addresses the
issue regardless.

identity prior to the expiration of the statute of limitations.  *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859, 864 n.1 (7th Cir. 2012) (once statute of limitations expired, plaintiff could not amend complaint to substitute new party in place of "John Doe" defendant); *Dandridge v. Cook County*, No. 12-cv-5458, 2013 WL 3421834, at \*4–5 (N.D. Ill. July 8, 2013) (distinguishing *Krupski* and finding that relation back was improper where "the only reason that Plaintiff did not name the individual officers in the original complaint was Plaintiff's lack of knowledge about their names, not a mistake concerning their identity"); *Fleece v. Volvo Constr. Equip. Korea, Ltd.*, No. 10 CV 4496, 2012 WL 171329, at \*4 (N.D. Ill. Jan. 20, 2012) ("Following *Krupski*, numerous lower courts have held that *Krupski* precludes relation back when a plaintiff made an affirmative choice not to discover the identity of the new defendant or to sue the new defendant before the limitations period expired.").

Here, VanDenburgh did not make a mistake when naming John Doe #1 as a Defendant. Instead, she simply did not know his actual identity at the time of filing.  At this point, the statute of limitations has run on all her state law claims.  Therefore, when she learns John Doe #1's identity, she may not take advantage of Rule 15(c) to amend her complaint to name him.  *See Henry v. City of Des Plaines*, No. 15 C 5617, 2015 WL 6407812, at \*2 (N.D. Ill. Oct. 21, 2015).

VanDenburgh urges the Court not to take such a technical approach to the statute of limitations and the relation back rules and instead to adopt a more equitable approach allowing her to pursue discovery into John Doe #1's identity and then amend her complaint to pursue the claims against him.  But this exact argument was recently rejected in another case brought by VanDenburgh's counsel.  *See id.* at \*3.  The Court agrees with the *Henry* court that the statute of limitations is not a technicality but instead serves "important social purposes."  *Id.*  The Court is not inclined to set aside the statute of limitations in the face of Seventh Circuit precedent

concerning this very issue, particularly where VanDenburgh, who is represented by counsel, could have discovered the identity of John Doe #1 in a timely fashion. *See id.* (finding that the fault in not identifying the unknown officers "lays squarely on [plaintiff's] shoulders" so that "there is no unfairness in enforcing the statute of limitations in this instance"). Consequently, VanDenburgh's state law claims against John Doe #1 are dismissed with prejudice.

Deerfield also argues that because all state law claims against John Doe #1 are dismissed, the indemnification claim against Deerfield should also be dismissed with respect to those claims. *Id.* (dismissing indemnity claims against city where there were no claims remaining against unknown officers). But because § 1983 claims remain pending against John Doe #1, the indemnification claim remains pending against Deerfield, although only for any claims on which VanDenburgh obtains a judgment against John Doe #1.

## II.     Negligence Claim against Deerfield

Deerfield argues that because VanDenburgh's negligence claim against John Doe #1, the only Deerfield police officer, has been dismissed, her negligence claim against Deerfield must also be dismissed. Deerfield contends that VanDenburgh only includes allegations concerning the Defendant Officers' breach of a duty of care and no allegations concerning a separate duty of care that Deerfield owed to VanDenburgh. But VanDenburgh has alleged that John Doe #1 owed VanDenburgh a duty, that Deerfield was John Doe #1's employer, and that John Doe #1 was acting in the scope of his employment. With these allegations, VanDenburgh has made it clear that she seeks to hold Deerfield responsible on a *respondeat superior* theory for any negligent acts undertaken by John Doe #1. "Although a person injured by the tortious action of another must generally seek his or her remedy from the person who caused the injury, the principal-agent relationship is an exception to this rule." *McHale v. W.D. Trucking, Inc.*, 39

N.E.3d 595, 615, 2015 IL App (1st) 132625, 396 Ill. Dec. 46 (2015) (jury verdict that principal was liable for agent's negligent acts under *respondeat superior* theory was not against manifest weight of the evidence). VanDenburgh's allegations are sufficient to place Deerfield on notice of the negligence claim against it based on *respondeat superior* liability. *See Estate of Crandall v. Godinez*, No. 14-cv-1401, 2015 WL 1539017, at \*5 (C.D. Ill. Mar. 31, 2015) (although plaintiff did not explicitly allege *respondeat superior* liability, plaintiff had pleaded the factual predicates required to hold defendant liable on that basis).

## III.    Group Pleading

Deerfield, Bannockburn, and Ogden argue that VanDenburgh's claims against Ogden and John Doe #1 must be dismissed because VanDenburgh does not attribute to each Defendant Officer the conduct for which he is responsible, instead referring to the Defendant Officers collectively or contending that "one or more Defendant Officers" engaged in the acts that form the basis of her claims. Such pleading, according to Deerfield, Bannockburn, and Ogden, does not provide Ogden and the other Defendant Officers with sufficient notice of their allegedly wrongful conduct. Connected to this argument, Deerfield contends that the § 1983 claims against John Doe #1 fail because they do not adequately plead his personal involvement.

Rule 8(a), however, "is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer." *Hyung Seok Koh v. Graf*, No. 11-cv-02605, 2013 WL 5348326, at \*4 (N.D. Ill. Sept. 24, 2013). Instead, a plaintiff may generally name those responsible for the alleged violations, as VanDenburgh has done here, placing Ogden, John Doe #1, and the other Defendant Officers on notice of the claims against them. *Sanders v. City of Chicago Heights*, No. 13 C 0221, 2014 WL 5801181, at \*3 (N.D. Ill. Nov. 7, 2014) (allowing group pleading for

10

constitutional claims). Here, Deerfield contends that the acts of each individual Defendant

Officer should be specified for each count so as to meet the requirement of personal involvement

for § 1983 claims because VanDenburgh's allegations suggest that some of the Defendant

Officers may not have engaged in excessive force or false arrest. *See Atkins v. Hasan*, No. 15

CV 203, 2015 WL 3862724, at *2–3 (N.D. Ill. June 22, 2015) (dismissing claims premised on

"group pleading" that "provides no clues as to whether, for the particular conduct described,

plaintiffs assert that each and every one of the defendant engaged in that conduct . . . or whether

plaintiffs instead contend that only some of the defendants, or possibly even *none* of them,

performed a given act"). While VanDenburgh will ultimately have to demonstrate that each

individual Defendant Officer was personally responsible for her injuries, she is not required to do

so at the pleading stage without discovery. *See Kuri v. City of Chicago*, No. 13 C 1653, 2014

WL 114283, at *7 (N.D. Ill. Jan. 10, 2014) (plaintiff allowed to direct allegation at multiple

defendants at pleading stage where plaintiff may not be aware of "which individual committed

which parts of the alleged misconduct before the benefit of discovery"); *Hyung Seok Koh*, 2013

WL 5348326, at *5 (noting that plaintiffs "must eventually tie particular officers to particular

injuries to survive summary judgment"). Because VanDenburgh's complaint provides Ogden

and John Doe #1 with sufficient notice of the claims against them, the Court will not dismiss

those claims because VanDenburgh has engaged in group pleading.

## IV.    False Arrest and Malicious Prosecution Claims

Deerfield, Bannockburn, and Ogden also argue that VanDenburgh's false arrest and

malicious prosecution claims are barred by VanDenburgh's conviction for interfering with a

police officer. They contend that this conviction establishes probable cause for her arrest,

precluding VanDenburgh from pursuing both claims. In *Heck v. Humphrey*, the Supreme Court

established that a criminal defendant may not use § 1983 to claim damages for an allegedly

unconstitutional conviction or imprisonment, "or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid," unless that conviction or sentence

had been "reversed on direct appeal, expunged by executive order, declared invalid by a state

tribunal authorized to make such determination, or called into question by a federal court's

issuance of a writ of habeas corpus." 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383

(1994). This is because criminal defendants cannot use § 1983 to collaterally attack an otherwise

valid criminal conviction. *Id.* at 486. *Heck*'s bar applies not only to malicious prosecution

claims but also to false arrest claims. *See id.* at 486.

  *Heck* requires the Court to consider whether a judgment in VanDenburgh's favor would

necessarily imply the invalidity of her conviction or sentence. *Id.* at 487. If it would, her

malicious prosecution and false arrest claims cannot proceed. *Id.* VanDenburgh was charged

with interference with a police officer and criminal trespass to property. She was found guilty of

interference with a police officer, although she was found not guilty of criminal trespass to

property. Court records indicate that she was fined and placed on supervision for twelve months.

VanDenburgh's conviction of an ordinance violation qualifies as a conviction for *Heck* purposes.

*See Stone v. Vill. of Broadview*, No. 13-cv-09316, 2014 WL 3397222, at *4 (N.D. Ill. July 11,

2014) (*Heck* applies to claims that would imply the invalidity of municipal ordinance

convictions).

  VanDenburgh does not argue that there was no probable cause for her arrest for

interference with a police officer, instead she only contends that her conviction for that offense

does not bar a claim for false arrest or malicious prosecution with respect to the underlying

criminal trespass charge. *See* Doc. 35 at 3 (citing *Hornung v. Vill. of Park Forest*, 634 F. Supp.

12

540, 544 (N.D. Ill. 1986)). In doing so, she limits her claims to actions related to the criminal

trespass to property charge and the Court will do the same here. But this does not save her false

arrest claim.

The existence of probable cause bars a false arrest claim. *Stokes v. Bd. of Educ. of the

City of Chicago*, 599 F.3d 617, 622 (7th Cir. 2010). Although VanDenburgh was not convicted

of criminal trespass to property, she was convicted of interference with an officer. This is

sufficient to provide probable cause for the arrest, for a challenge to probable cause would

necessarily imply the invalidity of her conviction for interference with a police officer. *See Case

v. Milewski*, 327 F.3d 564, 569 (7th Cir. 2003) (conviction for resisting arrest barred false arrest

claim because "under Illinois law, so long as there is physical resistance, an officer has probable

cause to arrest someone who resists an arrest attempt"); Highland Park Ordinance § 130.015

("Interference with public officers: A person who knowingly resists or obstructs the performance

by one known to the person to be a peace officer of any authorized act within his official

capacity shall be guilty of resisting or obstructing a public officer."). And for purposes of her

false arrest claim, VanDenburgh cannot divorce her arrest on this charge from that for criminal

trespass: "probable cause to believe that a person has committed *any* crime will preclude a false

arrest claim, even if the person was arrested on additional or different charges for which there

was no probable cause." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007)

("An arrested individual is no more seized when he is arrested on three grounds rather than one;

and so long as there is *a* reasonable basis for the arrest, the seizure is justified on that basis even

if any other ground cited for the arrest was flawed."). This is particularly the case here, where

the two charges arose out of the same incident and the Seventh Circuit has held that "even if

probable cause did not exist for the crime charged, proof of probable cause to arrest the plaintiff

on a closely related charge is also a defense." *Kelley v. Myler*, 149 F.3d 641, 647–48 (7th Cir. 1998) (discussing related charges of criminal trespass and resisting law enforcement); *see also Hooks v. City of Batavia*, No. 13 C 1857, 2014 WL 114152, at *2–3 (N.D. Ill. Jan. 10, 2014) (probable cause for resisting arrest charge is sufficient to preclude false arrest claim for trespass arrest).[5] VanDenburgh thus cannot pursue her false arrest claim, even if based solely on the arrest for trespass, because there was probable cause for her arrest for interference with a police officer. *Hooks*, 2014 WL 114152, at *3.

VanDenburgh may, however, pursue her malicious prosecution claim with respect to the criminal trespass to property charge, on which she was found not guilty. "[P]robable cause to believe an individual committed one crime—and even conviction of that crime—does not foreclose a malicious prosecution claim for additionally prosecuting the individual on a separate charge." *Holmes*, 511 F.3d at 682. Such a claim-by-claim analysis applies to both federal and state law malicious prosecution claims. *Id.* at 683 (citing *March v. Cacioppo*, 185 N.E.2d 397, 402, 37 Ill. App. 2d 235 (1962)); *see also Williams v. City of Chicago*, 733 F.3d 749, 759 (7th Cir. 2013) (applying Illinois law, noting that "[m]alicious prosecution is offense-specific"). Consequently, this claim may proceed against Ogden.[6] *See Johnsen v. Vill. of Rosemont*, No. 10-cv-07097, 2014 WL 4909080, at *7 (N.D. Ill. Sept. 30, 2014) ("Unlike with Johnsen's false arrest claims, the existence of probable cause to prosecute Johnsen for one offense does not defeat his claim for malicious prosecution of the other offenses.").

---

[5] The case VanDenburgh relies on *Hornung*, 634 F. Supp. at 544, was decided before *Kelley* and *Holmes* and consequently cannot be considered to represent the law with respect to whether probable cause for resisting arrest precludes a false arrest claim for the underlying charges.

[6] The Court has already determined that VanDenburgh cannot proceed on this claim against John Doe #1 because it is barred by the statute of limitations.

## V. Punitive Damages against Bannockburn, Deerfield, John Doe #1, and Ogden

In her complaint, VanDenburgh requests punitive damages against "all Defendants." Compl. ¶ 87(d). Deerfield and Bannockburn seek to dismiss the request for punitive damages against them, arguing that such damages are not recoverable against public entities. *See* 745 Ill. Comp. Stat. 10/2-102 ("Notwithstanding any other provision of law, a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.").[7] Similarly, Ogden contends that the punitive damages claim against him should be dismissed because VanDenburgh pleads that he was acting in his official capacity and within the scope of employment, making the claims against him ones against Bannockburn and also unrecoverable.[8] VanDenburgh agrees to strike her request for punitive damages against Deerfield, Bannockburn, John Doe #1, and Ogden.[9] Thus, the Court will strike that request.

## VI. Attorneys' Fees, Injunctive Relief, and Prejudgment Interest against Ravinia Festival Association

Finally, Ravinia Festival Association seeks to strike VanDenburgh's request for attorneys' fees, injunctive relief, and prejudgment interest. VanDenburgh states that she does not oppose Ravinia Festival Association's motion to strike these components of the prayer for relief, although she reserves the right to seek leave to reinstate them if discovery reveals an appropriate

---

[7] Deerfield and Bannockburn do not cite § 2-102 but that is the relevant statutory provision prohibiting the award of punitive damages against a municipality.

[8] Ogden and Bannockburn do not set forth an argument that § 2-102 prohibits an award of punitive damages. Although the Court will not address the issue further, it notes that other courts in this district have found that § 2-102 applies regardless of whether the officer is sued in his official or individual capacity. *See Ohlrich v. Vill. of Wonder Lake*, No. 13 C 50391, 2015 WL 4724822, at *3–5 (N.D. Ill. Aug. 10, 2015) (applying § 2-102 to strike punitive damages request against police officer); *Golden v. Vill. of Glenwood*, No. 14 C 7247, 2015 WL 1058227, at *3–5 (N.D. Ill. Mar. 6, 2015) (police officer was immune from punitive damages under § 2-102 despite having been sued in his individual capacity).

[9] Although VanDenburgh indicates that she may seek leave to assert a claim for punitive damages in the future, the Court suggests that VanDenburgh consult the authority cited in this section before doing so.

basis for such relief.  The Court thus grants Ravinia Festival Association's motion and strikes

VanDenburgh's request for attorneys' fees, injunctive relief, and prejudgment interest from

Ravinia Festival Association.[10]

**CONCLUSION**

For the foregoing reasons, Defendants Village of Bannockburn and Ogden's motion to

dismiss [20] is granted in part and denied in part.  Defendant Village of Deerfield's motion to

dismiss [23] is granted in part and denied in part.  Defendant Ravinia Festival Association's

motion to strike [28] is granted.  The state law claims against John Doe #1 (Counts III, IV, and

VI) are dismissed with prejudice.  The false arrest claim (Count I) is dismissed without

prejudice.  The malicious prosecution claim (Count IV) is limited to proceedings concerning the

criminal trespass to property charge.  VanDenburgh may only seek indemnification (Count V)

from the Village of Deerfield for any claims on which she obtains a judgment against John Doe

#1.  The request for punitive damages against the Village of Bannockburn, the Village of

Deerfield, Ogden, and John Doe #1 is stricken.  The requests for attorneys' fees, injunctive relief,

and prejudgment interest against Ravinia Festival Association are stricken.  The Village of

Bannockburn, the Village of Deerfield, and Ogden are ordered to answer the remaining

allegations of the complaint by February 17, 2016.

Dated: February 3, 2016

                                       SARA L. ELLIS
                                       United States District Judge

---

[10] The Court advises VanDenburgh to consult the caselaw cited in Ravinia Festival Association's motion before seeking leave to reassert these forms of relief.