UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA S. VANDENBURGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 15 C 6191 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| HIGHLAND PARK POLICE OFFICER GERALD CAMERON; HIGHLAND PARK POLICE OFFICER PHILIP DELAURENTIS; HIGHLAND PARK POLICE OFFICER AMY HYNDMAN; RAVINIA FESTIVAL ASSOCIATION, an Illinois not-for-profit organization; THE CITY OF HIGHLAND PARK, a Municipal Corporation; | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

After an incident at the Ravinia Music Festival resulted in Plaintiff Linda VanDenburgh being charged with interference with a police officer and criminal trespass to property, VanDenburgh filed this suit against several Defendants, including the Ravinia Festival Association ("Ravinia"). The Court found that factual questions precluded summary judgment on VanDenburgh's negligence claim against Ravinia. Doc. 104. After the Court's summary judgment ruling, the parties resumed settlement negotiations. On January 12, 2018, Ravinia filed a motion to enforce the settlement it claims it reached with VanDenburgh on December 12, 2017 and for a good faith finding concerning that settlement [109]. The Court referred that motion to Magistrate Judge Valdez, who held an evidentiary hearing on the motion and issued a report and recommendation on June 27, 2018 [135], recommending that the Court grant the motion. VanDenburgh properly filed objections pursuant to Federal Rule of Civil Procedure 72(b). Because the Court finds that Ravinia has not carried its burden to demonstrate that VanDenburgh

gave her counsel authority to enter into the settlement Ravinia seeks to enforce, the Court rejects the report and recommendation and denies the motion to enforce.

## BACKGROUND

With the assistance of counsel, VanDenburgh filed this suit against several parties, including Ravinia. The Court referred the case to Judge Valdez for the purposes of holding a settlement conference on October 19, 2016. Judge Valdez held a settlement conference on January 31, 2017, at which time VanDenburgh reached a settlement in principle with one defendant, the Village of Deerfield, but not with Ravinia. Settlement discussions resumed between VanDenburgh and Ravinia in November 2017. On December 12, 2017, the parties appeared to come to agreement on a monetary amount to settle VanDenburgh's claims. On December 11, Ravinia's counsel stated:

> Mike-
>
> I spoke to my client, reluctantly, she agreed to increase our max authority to $25,000. I can get you a release as soon as possible for that amount, and likely a check fairly soon as well.
>
> Alan

Doc. 138-1 at 46. VanDenburgh's counsel responded the following day:

> Ok. We have an agreement at 25K, obviously subject to a suitable release/settlement agreement. Can you provide a draft? Thanks, Mike.

*Id.* Then, on December 13, another attorney for Ravinia sent an email to VanDenburgh's counsel stating:

> Mike and Ethan –
>
> Attached is a proposed joint motion for good faith finding that we'd like to get on file, along with the proposed release. Please let me know if I have your go-ahead to file the joint motion as drafted with the release as an attachment.

> Thanks,
>
> Phil.

Doc. 138-1 at 50. Six minutes later, VanDenburgh's counsel replied, "Agreed. Thanks." *Id.* Then, about thirty minutes later, he sent another email, responding to the first chain of emails discussing the settlement, stating "Alan – to be clear, our client is not and never has agreed to any bar from Ravinia. Mike." Doc. 138-1 at 54. Ravinia's counsel responded:

> Mike-
>
> Not sure what you are referring to here. A "bar" as in being blacklisted from attending future Ravinia events? If that is the case, frankly I have no idea if that is something that even exists. I can and will inquire of my client as to whether there is such a thing and if so, if you[r] client is listed there.

*Id.* Ravinia's counsel also suggested "that we not hold up any settlement over this unknown matter." *Id.* at 53. VanDenburgh's counsel replied, "Agreed. But also agreed no such bar is part of your agreement. But, if they are seeking to still bar her going forward, we have no agreement. Thanks." *Id.* Ravinia's counsel noted that the bar issue had never been part of the settlement discussion and VanDenburgh's counsel raised it after he had confirmed the monetary settlement and agreed to the filing of the joint motion and release. *Id.* at 52. Counsel for both parties continued to discuss the issue for several days, with Ravinia's counsel confirming that VanDenburgh remained on a list precluding her from purchasing tickets to attend programming at Ravinia. The parties also acknowledged that VanDenburgh had received a no trespass order from Ravinia on the night of the events at issue in the suit, which prohibited her from entering the premises.

At the evidentiary hearing, VanDenburgh's counsel testified that at the time he agreed to the filing of the joint motion for good faith finding, VanDenburgh had authorized him to settle the case at $25,000, but that the settlement also had to "include at that point in time an apology

3

from Ravinia and mutual non-disparagement, non-disclosure and release and not being blacklisted." Doc. 128 at 25:10–13. VanDenburgh's counsel further testified he had not been authorized to accept the release provided by Ravinia's counsel as written. *Id.* at 25:14–16.

## LEGAL STANDARD

Rule 72(b) requires a party disagreeing with a magistrate judge's report and recommendation on a dispositive motion to file "specific written objections." Fed. R. Civ. P. 72(b)(1). The Court then reviews the contested issues *de novo*. Fed. R. Civ. P. 72(b)(3); *Kanter v. C.I.R.*, 590 F.3d 410, 416 (7th Cir. 2009). The Court reviews uncontested portions of the magistrate judge's report and recommendation for clear error. *Saban v. Caremark Rx, L.L.C.*, 780 F. Supp. 2d 700, 704 (N.D. Ill. 2011). The Court may "accept, reject, or modify" the magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(3); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009).

"*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). This does not mean, however, that the Court cannot be persuaded by the reasoning of the magistrate judge while undertaking *de novo* review; "[t]he judge is free, and encouraged, to consider all of the available information about the case when making this independent decision." *Id.*

## ANALYSIS

Illinois law governs the construction and enforcement of a settlement agreement. *Lynch, Inc. v. SamataMason Inc.*, 279 F.3d 487, 490 (7th Cir. 2002). Settlement agreements are enforced like any other contract, requiring an offer, acceptance, and a meeting of the minds on the material terms of the agreement. *Dillard v. Starcon Int'l, Inc.*, 483 F.3d 502, 507 (7th Cir.

4

2007); *In re Ill. Bell Tel. Link-Up II*, 994 N.E.2d 553, 558, 2013 IL App (1st) 113349, 373 Ill. Dec. 784 (2013). After the evidentiary hearing, Judge Valdez recommended granting Ravinia's motion to enforce the settlement reached between it and VanDenburgh on December 12, 2017. Judge Valdez concluded that VanDenburgh's removal from the blacklist at Ravinia was not a material term of settlement, with the only material term the release of VanDenburgh's claims against Ravinia for a specified dollar amount. Judge Valdez also rejected VanDenburgh's argument that her counsel did not have the authority to agree to the terms of a settlement agreement beyond a monetary amount, recommending that the Court find that counsel had at least apparent authority to bind VanDenburgh to the settlement agreement.

VanDenburgh objects to both of Judge Valdez's findings: (1) that the parties had reached a meeting of the minds as to the material terms of the agreement, meaning that the blacklist issue was not a material term; and (2) that VanDenburgh's counsel had the authority to agree to the terms of a settlement agreement beyond the mere monetary amount. The Court need only address the latter issue: "[a] threshold inquiry before determining the validity of the terms of the agreement . . . is whether the attorney that entered into the agreement on behalf of a client had the proper authority to do so." *Johnson v. Dart*, No. 09 C 6940, 2011 WL 3157298, at *3 (N.D. Ill. July 26, 2011).

VanDenburgh does not dispute that the parties had a meeting of the minds with respect to the monetary payment, instead arguing that her counsel only had authority to accept that amount and could not bind her to any other aspect of a settlement of her claims without her approval. Although an attorney typically has the authority to act on behalf of his or her client, this presumption of authority does not extend to settlements. *See Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 999–1000 (7th Cir. 2001); *Brewer v. Nat'l R.R. Passenger Corp.*, 649 N.E.2d 1331, 1333–

5

34, 165 Ill. 2d 100, 208 Ill. Dec. 670 (1995). Instead, "[u]nder Illinois law, an attorney has no authority to settle a claim of the client absent the client's express authorization to do so." *Magallanes v. Ill. Bell Tel. Co.*, 535 F.3d 582, 584 (7th Cir. 2008). Where the proposed settlement terms are negotiated outside of court, as in this case, "the client will not be bound by the agreement without proof of express authority." *Shapo v. Tires 'N Tracks, Inc.*, 782 N.E.2d 813, 823, 336 Ill. App. 3d 387, 270 Ill. Dec. 254 (2002); *see also Williams v. Office of Chief Judge of Cook County, Ill.*, 839 F.3d 617, 624 (7th Cir. 2016) ("In the absence of proof of express authority, an attorney's representations are not binding when they are later invoked against his client."). Ravinia has the burden of proof to show that VanDenburgh's counsel had the authority to agree to the terms of the settlement. *Brewer*, 649 N.E.2d at 1334.

Here, Ravinia has not carried that burden. Instead, the only evidence in the record undermines a finding that VanDenburgh gave her counsel authority to enter into the release. Specifically, VanDenburgh's counsel testified that he only had authority from his client to agree to the $25,000 monetary payment and that that authority was conditioned on several additional terms, including "an apology from Ravinia and mutual non-disparagement, non-disclosure and release and not being blacklisted." Doc. 128 at 25:10–13. Ravinia's counsel did not call VanDenburgh as a witness at the evidentiary hearing, and no other evidence exists in the record to dispute VanDenburgh's counsel's testimony. Therefore, the Court finds that Ravinia has not satisfied its burden to demonstrate that VanDenburgh's counsel had authority to enter into the agreement it now seeks to enforce. As a result, the Court must deny Ravinia's motion and find the parties did not come to an enforceable agreement.[1] *See Brewer*, 649 N.E.2d at 1334 (where the proposed settlement terms are negotiated out of court, "opposing counsel is put on notice to

---

[1] Because the Court finds that VanDenburgh's counsel did not have authority to bind VanDenburgh to the agreement, it need not address whether the agreement contained all the material terms of the parties' settlement.

ascertain the attorney's authority" and "[i]f opposing counsel fails to make inquiry or to demand proof of the attorney's authority, opposing counsel deals with the attorney at his or her peril").

The Court acknowledges the apparent inefficiency of this outcome, particularly because the parties agree on the monetary terms of a settlement and the main issue holding up settlement, the blacklist issue, was not raised during the almost year-long settlement negotiations between VanDenburgh and Ravinia until after they agreed on a monetary amount.  But Ravinia has not presented evidence to demonstrate that VanDenburgh's counsel had the authority to accept the release as drafted to indicate that the late request concerning the blacklist was merely an attempt to back out of the monetary aspect of the settlement.  *Cf. NRRM, LLC v. Mepco Fin. Corp.*, No. 10 C 4642, 2015 WL 1501897, at *9 (N.D. Ill. Mar. 27, 2015) (rejecting argument that plaintiff had not given lawyer authority to settle where client admitted that lawyer had settled the case on the "terms [plaintiff] authorized" but the parties merely disagreed on the meaning of the terms in their settlement agreement, noting that "[a] party's mistake or misapprehension regarding the *meaning* of a term cannot and does not retroactively divest his lawyer of authority to have agreed to the term in the first place").  Because Ravinia has not presented evidence to demonstrate that VanDenburgh's counsel had the authority to accept the release as drafted, the Court sustains VanDenburgh's objection, declines to follow Judge Valdez's report and recommendation, and denies Ravinia's motion to enforce.  Although any goodwill that existed between the parties may have evaporated because of the litigation of this motion, the Court encourages the parties to sit down, with VanDenburgh present, and attempt to come to terms on the remaining outstanding non-monetary terms of a settlement to put this case behind them.

**CONCLUSION**

For the foregoing reasons, the Court sustains in part VanDenburgh's objections to the June 27, 2018 report and recommendation [137], declines to follow Magistrate Judge Valdez's June 27, 2018 report and recommendation [135], and denies Ravinia's motion to enforce the settlement and for a good faith finding [109].

Dated: August 13, 2018

_____
SARA L. ELLIS
United States District Judge