UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA S. VANDENBURGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Bannockburn Police Officer ROBERT )<br>OGDEN; Highland Park Police Officer )<br>GERALD CAMERON; Highland Park Police )<br>Officer PHILIP DELAURENTIS; Highland )<br>Park Police Officer AMY HYNDMAN; )<br>Deerfield Police Officer JOHN DOE #1; )<br>Highland Park Police Officer JOHN DOE #2; )<br>RAVINIA FESTIVAL ASSOCATION, an )<br>Illinois Not-For-Profit Organization; THE )<br>CITY OF HIGHLAND PARK, a Municipal )<br>Corporation; THE VILLAGE OF )<br>BANNOCKBURN, a Municipal Corporation; )<br>and THE VILLAGE OF DEERFIELD, a )<br>Municipal Corporation, )<br>)<br>Defendants. ) | No.: 1:15-CV-06191<br><br>Judge Sara L. Ellis<br><br>Magistrate Judge Maria Valdez |

## **HIGHLAND PARK DEFENDANTS' MOTIONS IN LIMINE**

Defendants, CITY OF HIGHLAND PARK, GERALD CAMERON, PHILIP DELAURENTIS, and AMY HYNDMAN, ("HIGHLAND PARK DEFENDANTS") by and through their attorneys, WILLIAM W. KURNIK and MICHAEL J. ATKUS of KNIGHT HOPPE KURNIK & KNIGHT, LTD., move this Honorable Court, *in limine*, to prohibit and/or allow as indicated, the following matters from being stated or referred to in any way in the presence of the jury. Defendants contend that if such testimony is permitted, Defendants face a significant risk of irreparable harm. As such, Defendants state as follows:

Defendants face a significant risk of irreparable harm. As such, Defendants state follows:

1. **HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* ONE**

The Court should bar any and all testimony related to any settlement attempts and discussions aimed at the settlement of this case and the settlement of the Plaintiff's claims on the basis that it is expressly prohibited by Federal Rule of Evidence 408, is irrelevant, Fed. R. Evid. 401, 502, would result in unfair prejudice, and would confuse and mislead the jury, Fed. R. Evid. 403.

2. **HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* TWO**

The Court should exclude any non-party witnesses from the courtroom during testimony. Fed. R. Evid. 615.

3. **HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* THREE**

The Court should prohibit any and all references to the fact that the Defendants may be indemnified against any judgment in this action. *Kemezy v. Peters*, 79 F.3d 33, 37 (7th Cir. 1996) ("When the defendant is to be fully indemnified, such evidence, far from being required, is inadmissible."). Such evidence, argument, or testimony is irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 403, and the spirit of Rule 411. *See* Fed. R. Evid. 411 (prohibiting, with certain exceptions, evidence that a person was or was not insured). If offered by Plaintiff, this evidence could sway a jury to find against the individual Defendant Officers simply because they are aware that any judgment will be paid by some entity other than the Officers themselves.

4. **HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* FOUR**

The Court should prohibit any and all evidence of and reference to insurance. Fed. R. Evid. 411.

### 5. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* FIVE

The Court should prohibit any and all evidence of attorney's fees. Any award of attorney's fees is at the discretion of the Court if Plaintiff is a prevailing party. Fed. R. Evid. 401; 42 U.S.C. §1988.

### 6. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* SIX

This Court should bar any and all references to any general orders, policies, rules or regulations of the City of Highland Park Police Department as irrelevant to the issue of whether excessive force was used in the course of Plaintiff's arrest. *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (affirming the exclusion of the police department's general orders on the use of force in an excessive force case as "completely immaterial" to the issues at hand). The issues in this case are whether the Defendants violated Plaintiff's constitutional rights, not whether they violated Highland Park procedures; therefore, such evidence is irrelevant. *See id.*, citing *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir.2003). Alternatively, should this Court determine that such evidence has any relevance to the issues at bar, the introduction of any general orders, policies, rules or regulations of the City of Highland Park Police Department would be misleading and most likely confuse the jury as to the applicable standard and, therefore, should be excluded under Federal Rule of Evidence 403 as well.

### 7. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* SEVEN

This Court should bar any and all references to any instance of police misconduct that are unrelated to this case and that have otherwise been recently publicized in the media and/or subjects of protests. Any such instances are irrelevant to the issues of this case, unfairly prejudicial, and would confuse and mislead the jury. Fed. R. Evid. 401-403; *Fox-Martin v. Cnty.*

*of Cook*, No. 09 C 1690, 2010 WL 4136174, at *4 (N.D. Ill. Oct. 18, 2010) (barring all reference to police misconduct unrelated to the plaintiff's specific claims of excessive force) (citing *Walker v. County of Cook,* 2009 WL 65621, at *1 (N.D. Ill. 2009); *Redmond v. City of Chicago*, 2008 WL 539164, at *6 (N.D. Ill. 2008)).

## 8. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* EIGHT

This Court should bar any and all testimony and lay witness opinions, including but not limited to those of Plaintiff, that the force used by any or all of the Defendant Officer was "excessive." The question of whether or not a police officer uses "excessive" force in arresting a suspect is a fact intensive inquiry based on the reasonableness of the particular officer's actions in light of the particular facts and circumstances of the situation known to and confronting that particular officer. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *DeLuna v. City of Rockford, Illinois*, 447 F3d 1008, 1010 (7th Cir. 2006). As such, whatever opinion Plaintiff or any other witness may have as to whether or not the amount of force used was excessive would be of little value except as causing possible confusion and a substantial risk of unfair prejudice. *Thompson v. City of Chicago*, 472 F.3d 444, 458 (7th Cir. 2006); Fed. R. Evid. 403.

## 9. HIGHAND PARK DEFENDANTS' MOTION *IN LIMINE* NINE

The Court should bar any and all evidence relating to Plaintiff's handcuffing, including the injury to her right shoulder which she alleges occurred during the handcuffing. The Court has already determined that Plaintiff's version of her handcuffing implies the invalidity of her conviction for interfering with a police officer under *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus granted Defendants' motion for summary judgment on that claim. *See* Opinion and Order [dkt. 104].

### 10. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* TEN

This Court should bar any reference by Plaintiff regarding any contention that there was a "code of silence," "blue wall," or the like describing situations in which police generally cover for their colleagues. The phrase "code of silence" is unduly prejudicial and should not be used at trial. *Townsend v. Benya*, 287 F.Supp. 868, 876 (N.D. Ill. 2003); *Hillard v. City of Chicago, Ill.*, No. CIVA 09C2017, 2010 WL 1664941, at *3 (N.D. Ill. Apr. 23, 2010). Plaintiff has not alleged a conspiracy or cover up and no evidence has been discovered of the same. Thus, the use of "code of silence," "blue wall," or the like are unfairly prejudicial and unsupported by the evidence. Fed. R. Evid. 403.

### 11. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* ELEVEN

The Court should bar Plaintiff or any lay witness from testifying as to any medical conditions, causation, diagnoses or prognoses that may have been as a result of Plaintiff's arrest. Neither Plaintiff nor any lay witness is competent to offer testimony regarding any proposed medical condition or diagnosis. Fed. R. Evid. 702, 702; *United States v. Cravens*, 275 F.3d 614 (7th Cir. 2001) ("Although a lay person may readily observe a health problem, the causation of a mental disease or defect is a more technical medical determination such that a court would find expert testimony particularly useful to its ultimate decision); *Hendrickson v. Cooper*, 589 F.3d 887, 893 (7th Cir. 2009) (allowing plaintiff to describe pain only where there was no testimony or question regarding the complicated question of medical causation); *McQuiston v. Helms,* 2009 WL 554101, at *11 (N.D. Ind. March 4, 2009) ("McQuiston cannot opine on medical causation or the impact of Dr. Brokaw's medical diagnosis on his ability to work in the future because those opinions would necessarily have to be 'based on scientific, technical, or other specialized

knowledge.'"); *Larsen v. Barrientes*, 2010 WL 2772325, at *4 (N.D. Ind. 2010) (no lay witness "shall be permitted to opine that the arrest proximately caused Larsen's mental and physical health problems or offer a medical diagnosis of his alleged injuries); *Starks-Harris v. Taylor*, 2009 WL 2970382, at *5 (N.D. Ind. 2009) (holding that the plaintiff would not be permitted to testify that her arrest was the proximate cause of her mental or physical health problems and would not be permitted to offer, "in effect, a self-diagnosis"). As lay witnesses, Plaintiff or any other non-expert witness lacks the knowledge, skill, experience, training and education that would qualify them to testify about the nature Plaintiff's medical conditions, their causes, or their permanence. *Christmas v. City of Chicago*, 691 F.Supp.2d 811, 821 (N.D. Ill. 2010).

### 12. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* TWLEVE

This Court should bar any and all evidence, testimony, or argument regarding any other incidents involving the use of excessive force by the City of Highland Park or its officers. Any such evidence is irrelevant, confusing and unfairly prejudicial. Fed. R. Evid. 401-404. Moreover, any evidence of a person's other crimes, wrongs or acts must be excluded under Federal Rule of Evidence 404(b); *Shaffer v. Brinegar*, 23 F. App'x 580, 584 (7th Cir. 2001) (affirming that prior incidents of misconduct are irrelevant to an individual capacity excessive force claim because the goal is inevitably to demonstrate that the actions conformed to past behavior, a purpose expressly prohibited by Rule 404(b)); *Perri v. Daggy*, 776 F. Supp. 1345, 1349 (N.D. Ind. 1991) (Miller, J.), citing *United States v. Beasley*, 809 F.2d 1273, 1278 (7th Cir. 1987); *see also Okai v. Verfuth*, 275 F.3d 606, 611 (7th Cir. 2001).

### 13. HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* THIRTEEN

Plaintiff contends that Defendants used excessive force in the course of his arrest by removing her from the pavilion by wheelchair and keeping her in the wheelchair as they took her

6

to the Iris Gate. Defendants seek to bar testimony and reference implying that the Officers were obligated to use the "least" amount of force necessary while effectuating the seizure/arrest of Plaintiff. "Officers need not apply the *least* amount of force necessary, rather, they need to apply a *reasonable* amount of force." *Trout v. Frega*, 926 F. Supp. 117, 122 (N.D. Ill. 1996) (citing *Apostal v. City of Crystal Lake*, No. 94 C 50068, 1995 WL 692680, at *1 (N.D. Ill. Nov. 22, 1995)) (emphasis in original); *see also Graham v. Connor,* 490 U.S. 386 (1989); *Nelson v. City of Elmhurst,* 691 F.Supp. 122, 125 (N.D. Ill. 1988) (holding that degree of force "reasonably necessary" does not mean degree of force "strictly necessary"). Therefore, any such assertion would imply that the officers were required to use the least amount of force necessary would misinterpret the applicable legal standard. *See* Fed. R. Evid. 403.

### 14. **HIGHLAND PARK DEFENDANTS' MOTION *IN LIMINE* FOURTEEN**

This Court should bar any and all evidence, testimony, or argument regarding any alleged assaults and/or batteries of the Plaintiff by any Highland Park Police Officer other than the individually named Defendants Cameron, Hyndman, and DeLaurentis, and any alleged injuries resulting from such batteries, including, but not limited to the alleged injury to Plaintiff's right shoulder. Plaintiff's claim for assault and battery is brought against these individually named Defendants. Plaintiff's claim against the City of Highland Park sounds only in statutory indemnification, and thusly remains entirely derivative of an entry of judgment against an individual employee. See 735 ILCS 10/9-102. As such, any evidence, testimony, or argument regarding any alleged assaults or batteries by non-defendant employees of the City of Highland Park remain entirely irrelevant and unfairly prejudicial under Federal Rules of Evidence 401, 403.

### 15. **HIGHLAND PARK DEFENDANTS' MOTION IN LIMINE FIFTEEN**

The Court should prohibit any evidence, documentary or testimonial, related to any prior disciplinary actions or lawsuit(s) filed against the Defendants. Any such incidents of past discipline and lawsuits remain unrelated to the incident involving Plaintiff. Therefore, any type of such evidence remains irrelevant and immaterial to the issues to be tried. *See* F.R.E. 401, 402, 404(a) and (b). Any such testimony also remains highly prejudicial and likely to confuse the jury. *See Delgado v. Mak*, Case No. 06 C 3757, 2008 WL 4367458, *5-6 (N.D. Ill. Mar. 31, 2008) (Dow, J.); *see also Bruce v. Perry,* Case No. 03-CV-558, 2007 WL 2608835 (S.D. Ill. 2007) (Herndon, J).

**16.    HIGHLAND PARK DEFENDANTS' MOTION IN LIMINE SIXTEEN**

The Court should prohibit any and all testimony that the City of Highland Park Police Department failed to train, to monitor, or to discipline its officers. Any such evidence remains irrelevant, as there is no direct municipal defendant, and no *Monell* claim to be tried. Thus, the Court should bar such evidence as irrelevant and/or more prejudicial than probative. See F.R.E. 401 and 403.

**17.    HIGHLAND PARK DEFENDANTS' MOTION IN LIMINE SEVENTEEN**

The Court should prohibit any and all evidence, testimony, or argument that Plaintiff suffered more than garden variety emotional distress as a result of the Defendants' actions. In other words, the Court should limit Plaintiff's evidence and testimony relating to her claims for emotional distress to "the negative emotions that she experienced essentially as the intrinsic result of the defendant[s'] alleged conduct," and bar her from introducing "evidence of any resulting symptoms or conditions that she might have suffered." *See Santelli v. Electro-Motive*, 88 F.R.D. 306, 309 (N.D. Ill. 1999). During discovery in this actions, these Defendants issued a subpoena for records to Plaintiff's psychotherapist, which Plaintiff moved to quash. During the

hearing on the motion to quash, Plaintiff's counsel represented to this Court and to the Defendants that Plaintiff was limiting her claim to garden variety-type emotional distress claims, and that she understood that presenting more specific evidence would result in a waiver of the patient-psychotherapist privilege. The Court should preclude Plaintiff from waiving the privilege for the first time at trial, and thus prejudicing Defendants' right to discovery, and a fair trial.

WHEREFORE, the HIGHLAND PARK DEFENDANTS respectfully requests that the Court grant these Motions *in Limine* and/or any relief deemed just and proper.

Respectfully submitted by,

/s/ William W. Kurnik
WILLIAM W. KURNIK, Attorney #1550632
One of the Attorneys for the Defendant

## CERTIFICATE OF SERVICE

The undersigned, hereby certifies that on **August 17, 2018,** the foregoing **HIGHLAND PARK DEFENDANTS' MOTIONS IN LIMINE** was filed with the court using the CM/ECF system which sent notification of such filing to all attorneys of record.

/s/ William W. Kurnik
WILLIAM W. KURNIK #1550632